## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIA BARDALES and DONALD RUSSELL,** | **CIVIL ACTION NO. 2:19-cv-00340** |
| **Plaintiffs** | **SECTION R** |
| | **JUDGE SARAH S. VANCE** |
| **vs** | |
| | **MAGISTRATE JUDGE DANA DOUGLAS** |
| **FONTANA & FONTANA, LLC a Louisiana limited liability company; DARRYL M. FONTANA, an individual; and JULES A. FONTANA, III, an individual,** | |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

_____

## AMENDED COMPLAINT -- CLASS ACTION

NOW INTO COURT, Plaintiffs, CORNELIA BARDALES and DONALD RUSSELL (hereinafter referred to as "PLAINTIFFS") by and through undersigned counsel, allege upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, and bring this complaint against the above-named DEFENDANTS and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1.    PLAINTIFFS bring this action on their own behalf and on the behalf of all others similarly situated for statutory damages arising from DARRYL M. FONTANA, JULES A. FONTANA, III AND FONTANA & FONTANA, LLC'S (collectively hereinafter referred to as "DEFENDANTS") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.     The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

3.   Venue is proper pursuant to 28 U.S.C. § 1391(b) because the DEFENDANTS reside and/or do business in the Eastern District of Louisiana.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4.     PLAINTIFF BARDALES is a natural person residing in Kenner, Louisiana.

5.     PLAINTIFF RUSSEL is a natural person residing in Baton Rouge, Louisiana.

6.     PLAINTIFFS are each a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

7.     PLAINTIFFS allegedly owe a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

8.     FONTANA & FONTANA, LLC (hereinafter referred to as "F&F") is a Louisiana limited liability company located in New Orleans, Louisiana, which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9.     DARRYL M. FONTANA (hereinafter referred to as "DMF") is a Partner with F&F who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10.     JULES A. FONTANA, III (hereinafter referred to as "JAF") is a Partner with F&F who regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11.     PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

12.     PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 11 inclusive, above.

13.     On November 28, 2018, DEFENDANTS sent to PLAINTIFF BARDALES, on behalf of Mariner Finance of Harvey, the form collection letter attached hereto as **Exhibit 1**.

14.     On December 4, 2018, DEFENDANTS sent to PLAINTIFF RUSSELL, on behalf of Mariner Finance of Harvey, the form collection letter attached hereto as **Exhibit 2**.

15.     The body of the letters are the same.

16.     The letters are signed by both individual DEFENDANTS.

17.     PLAINTIFF BARDALES' letter identifies a past due balance of $244.04 and a net payoff of $2,773.81.

18.     PLAINTIFF RUSSELL'S letter identifies a past due balance of $374.08 and a net payoff of $5,037.01.

19.     Mariner Finance of Harvey assess interest and/or fees on its loans.

20.     DEFENDANTS' collection letters fail to notify PLAINTIFFS that interest and/or fees are continuing to accrue on the debt.

21.    On December 20, 2018, PLAINTIFF BARDALES, through counsel, sent a letter to DEFENDANTS disputing and requesting verification of the alleged debt.

22.    DEFENDANTS did not verify the debt.

23.    Instead, on January 14, 2019, DEFENDANTS filed a lawsuit against PLAINTIFF BARDALES, entitled *Pioneer Credit Company dba Mariner Finance, LLC vs. Cornelia Bardeles*, Case No. 165-531, in the First Parish Court for Jefferson Parish to collect the alleged past due Mariner Finance debt. A copy of the petition is attached hereto as **Exhibit 3**.

24.    The petition seeks the sum of $2,907.25 plus late charges of $30 and interest thereon at the rate of 18%.

25.    PLAINTIFFS are informed and believe and therefore allege that PLAINTIFFS and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFFS, and not specified herein. PLAINTIFFS reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

26.    PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 25 inclusive, above.

27.    These claims for relief are brought by PLAINTIFFS individually and on behalf of the following class:

      a.  A class of consumers, who:

          i.  Within one year prior to the filing of this action;

          ii.  Were sent an initial collection letter from DEFENDANTS;

iii. In an attempt to recover an alleged obligation accruing interest and/or fees incurred for personal, family, or household purposes;

iv. In which DEFENDANTS did not disclose that they were continuing to add interest and/or fees to the subject account.

28.    PLAINTIFFS do not know the exact size or identities of the class as DEFENDANTS maintain exclusive control of such information. PLAINTIFFS believe the class includes more than 100 individuals. The identities of these individuals can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

29.    All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

a. Whether DEFENDANTS' actions violate 15 U.S.C. § 1692e, e(2)(A), and e(10) by failing to disclose in its letters that it was adding interest and/or fees to the account;

b. The identities of individuals who were sent a collection letter from DEFENDANTS which violated the above subsections; and

c. The total number of consumers to whom DEFENDANTS sent a collection letter which violated the above subsections.

30.    PLAINTIFFS' claims are typical of the claims of the classes and do not conflict with the interests of any other class members.  PLAINTIFFS and the members of the classes were uniformly subjected to the same conduct.

31.    PLAINTIFFS will fairly and adequately represent the class members' interests and

has retained counsel who are qualified to pursue this litigation. PLAINTIFFS' counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFFS' counsel, Keren E. Gesund, also has experience in prosecuting FDCPA class actions.

32.     PLAINTIFFS are committed to vigorously pursuing the claims herein.

33.     A class action regarding the issues in this case does not create any problems of manageability.

34.     A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

35.     If facts are discovered to be appropriate, PLAINTIFFS will seek to certify the class under Rule 23(b) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §1692e, e(2)(A), AND e(10) AGAINST DEFENDANTS BROUGHT BY PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS**

36.     PLAINTIFFS repeat, re-allege and incorporate by reference, paragraphs 1 through 35 inclusive, above.

37.     Debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

38.   Debt collectors must not falsely represent "the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2)(A).

39.   Finally, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

40.   "Section 1692e of the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Avila v. Riexinger & Assocs.*, LLC, 817 F.3d 72, 74 (2d Cir. 2016).

41.   On November 28, 2018, DEFENDANTS sent to PLAINTIFF BARDALES, the form collection letter attached hereto as Exhibit 1.

42.   The letter identifies a past due balance of $244.04 and a net payoff of $2,773.81.

43.   Mariner Finance of Harvey assess interest and/or fees on its loans.

44.   In fact, the petition seeks the increased sum of $2,907.25 plus late charges of $30 and interest thereon at the rate of 18%.

45.   However, DEFENDANTS' collection letter fails to notify PLAINTIFF that interest and/or fees are accruing on the debt.

46.   Similarly, on December 4, 2018, DEFENDANTS sent to PLAINTIFF RUSSELL, the form collection letter attached hereto as Exhibit 2.

47.   PLAINTIFF RUSSELL'S letter identifies a past due balance of $374.08 and a net payoff of $5,037.01.

48.   DEFENDANTS' collection letters fail to notify PLAINTIFF that interest and/or fees are continuing to accrue on the debt.

49.     As a result of DEFENDANTS' FDCPA violations, PLAINTIFFS are entitled to an award of statutory damages.

50.     It has been necessary for PLAINTIFFS to obtain the services of an attorney to pursue this claim and PLAINTIFFS are entitled to recover reasonable attorneys' fees therefor.

51.     It has been necessary for PLAINTIFFS, on behalf of themselves and those similarly situated to obtain the services of an attorney to pursue this claim and are entitled to recovery reasonable attorneys' fees therefor.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §1692g(b) AGAINST DEFENDANTS BROUGHT BY PLAINTIFF BARDALES INDIVIDUALLY**

52.     PLAINTIFF BARDALES repeats, re-alleges and incorporates by reference, paragraphs 1 through 51 inclusive, above.

53.     "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt, or any disputed portion thereof, until debt collector obtains verification of the debt." 15 U.S.C. §1692g(b).

54.     Here, DEFENDANTS sent the November 28, 2018 collection letter attached hereto as Exhibit 1.

55.     Less than 30 days later, on December 20, 2018, PLAINTIFF, through counsel, sent a letter to DEFENDANTS disputing and requesting verification of the alleged debt.

56.     DEFENDANTS did not verify the debt.

57.     Instead, on January 14, 2019, DEFENDANTS continued their collection activities by filing a lawsuit against PLAINTIFF, entitled *Pioneer Credit Company dba Mariner Finance,*

*LLC vs. Cornelia Bardeles*, Case No. 165-531, in the First Parish Court for Jefferson Parish to collect the alleged past due Mariner Finance debt. <u>Exhibit 3</u>.

58.    Pursuing litigation before providing the requested verification of the debt violates the FDCPA. *See Garcia-Contreras vs. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 827 (M.D. N.C. 2011) (holding that the defendants violated the FDPCA by filing their lawsuit before complying with the verification requirement); *Anderson vs. Frederick J. Hanna & Associates*, 361 F. Supp. 2d 1379, 1381 (N.D. Ga. 2005) (holding that the filing of litigation after the request for the debt verification was received, constituted a violation of the FDCPA); *McDaniel vs. South & Associates, P.C.*, 325 F. Supp. 2d 1210, 1220 (D. Kan. 2004) (holding that the filing of a foreclosure petition and having it served without first providing the requested debt verification violated the FDCPA).

59.    As a result of DEFENDANTS' FDCPA violations, PLAINTIFF BARDALES is entitled to an award of statutory damages.

60.    It has been necessary for PLAINTIFF BARDALES to obtain the services of an attorney to pursue this claim and PLAINTIFF BARDALES is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

61. Please take notice that PLAINTIFFS demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS respectfully prays that this Court grant the following relief in PLAINTIFFS' favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1)    To certify PLAINTIFFS' claims as a class action pursuant FRCP 23(b);

(2)     To Designate PLAINTIFFS as the class representatives and designate undersigned counsel as class counsel;

(3)     To issue notice to the prosed class at DEFENDANTS' expense;

(4)     To enter judgment that the practices complained of herein are unlawful under the FDCPA and that DEFENDANTS violated the rights of PLAINTIFFS and the class under the FDCPA;

(5)     For statutory damages awarded to PLAINTIFFS, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(6)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(7)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(8)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(9)     For any and all other relief this Court may deem appropriate.

DATED this 6th day of April 2019.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff

10