UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIA BARDALES and DONALD RUSSELL** | CIVIL ACTION |
| **VERSUS** | NO. 19-340 |
| **FONTANA & FONTANA, LLC a Louisiana limited liability company; DARRYL M. FONTANA, an individual; and JULES A. FONATANA, III, an individual** | SECTION: "D" (3) |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Award of Plaintiffs' Attorneys' Fees and Costs filed by Cornelia Bardales and Donald Russell (collectively "Plaintiffs"). (Rec. Doc. No. 53). Defendants, Fontana & Fontana, LLC, Darryl M. Fontana, and Jules A. Fontana, III (collectively "Defendants") have filed a notice of no objection into the record. (Rec. Doc. No. 55). For the reasons stated below, it is RECOMMENDED that the motion be GRANTED, and Defendants ordered to pay attorneys' fees to Plaintiffs in the amount of $27,067.50 and costs in the amount of $2,180.41.

**I.   BACKGROUND**

This case arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Rec. Doc. No. 14). Plaintiffs allege that Defendants, on behalf of Mariner Finance of Harvey, sent collection letters that failed to notify Plaintiffs that interest and/or fees were accruing on past due balances allegedly owed by the Plaintiffs. (*Id*.). Plaintiffs contacted Defendants, disputing and requesting verification of the alleged debt. (*Id*.). Defendants allegedly failed to verify the debt and, on January 14, 2019, filed suit against Bardales in First Parish Court for Jefferson Parish to collect the alleged past due debt. (*Id*.). On January 16, 2019, Bardales filed suit in this Court, alleging that Defendants actions violate the FDCPA. (Rec. Doc. No. 1). On April 23, 2019, Plaintiffs filed a First Amended Class Action Complaint (Rec.

Doc. No. 14), and Defendants filed their Answer on May 20, 2019. (Rec. Doc. No. 17). On December 9, 2019, Plaintiffs filed their Motion for Class Certification. (Rec. Doc. No. 39).

On December 30, 2019, the parties filed a Joint Notice of Pending Class Settlement. (Rec. Doc. No. 41). On February 3, 2020, the parties filed a Joint Motion for Preliminary Approval of Class Settlement and Preliminary Determination on Class Certification. (Rec. Doc. No. 44). On September 30, 2020, the Court granted Plaintiff's Motion for Class Certification. (Rec. Doc. No. 51). On October 1, 2020, the Court issued an Order on the Joint Motion for Preliminary Approval of Class Settlement and Preliminary Determination on Class Certification, finding that the notice of settlement "falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval…." (Rec. Doc. No. 52. at p. 3). On October 30, 2020, Plaintiffs filed the instant motion, seeking approval of an award of costs and attorneys' fees incurred through October 15, 2020 in the amount of $36,420.41 pursuant to 15 U.S.C. § 1692k(a)(3).

**II. LAW AND ANALYSIS**

When a consumer brings a successful FDCPA lawsuit, the defendant debt collector is liable for "the costs of the action, together with a reasonable attorney's fee" in an amount to be fixed in the discretion of the court. 15 U.S.C. § 1692k(a)(3); *Hagan v. MRS Assocs., Inc.,* No. CIV. A. 99-3749, 2001 WL 531119, at *1 (E.D. La. May 15, 2001), *aff'd sub nom. Hagan v. M.R.S. Assocs., Inc.,* 281 F.3d 1280 (5th Cir. 2001). Further, courts have found that a plaintiff is a prevailing party by virtue of a favorable settlement in his favor. *See Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (a plaintiff may prevail through settlement of the merits of his claims where the relief secured directly benefits him at the time of settlement);. *Romain v. Walters,* 856

F.3d 402, 406 (5th Cir. 2017) (holding that plaintiffs were the prevailing party before the district court after plaintiffs obtained judicially sanctioned relief in the form of the Settlement Order).

Here, Plaintiffs are the prevailing party in this litigation by virtue of the favorable settlement in the amount of $10,000.00, which is to be divided equally among the class members. (Rec. Doc. Nos. 44-4 & 52). Accordingly, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to § 1692k(a)(3). The award of fees under § 1692k is mandatory. *Davis v. Credit Bureau of the S*., 908 F.3d 972, 976 (5th Cir. 2018) ("Based on the plain language of the statute, a debt collector who fails to comply with the FDCPA 'is liable' for reasonable attorney's fees, which suggests that district courts are denied the discretion to determine whether or not attorney's fees are appropriate. Several circuits have held that the award of attorney's fees to a successful plaintiff in an FDCPA action is mandatory.").

In class actions, the Court has the duty to evaluate attorneys' fees proposed by attorneys for the class. The Court assesses the reasonableness of attorneys' fees in class action settlements for two important reasons. *Cope v. Duggins*, 203 F. Supp. 2d 650, 654 (E.D. La. 2002). First, the Court reviews attorneys' fees to protect class members from unfair settlements and to minimize conflicts of interest that may arise between class members and their attorney representatives. *Id*. (citing *Strong v. BellSouth Telecom., Inc.,* 137 F.3d 844, 849 (5th Cir.1998)). Second, the Court examines counsel compensation to prevent promulgating a public perception that attorneys exploit the members of their class to obtain excessive fees. *See id.* "The Court's review of the attorneys' fees component of a settlement agreement is thus an essential part of its role as guardian of the interests of its class members." *Id.* at 850.

The calculation of reasonable fees and costs under § 1692k(a)(3) is governed by the facts and circumstances of the underlying litigation viewed in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Nevertheless, the trial court should consider the twelve *Johnson* factors in light of the following framework: it should (1) ascertain the nature and extent of the services supplied by the attorney; (2) determine the value of the services according to the customary fee and the quality of the work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the petitioner's case. *See Von Clark v. Butler,* 916 F.2d 255 (5th Cir.1990); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1092 (5th Cir.1982) (*Copper Liquor III* ), *modified on other grounds,* 701 F.2d 542 (5th Cir.1983) (en banc), *overruled on other grounds, International Woodworkers of America, AFL–CIO v. Champion Int'l Corp.,* 790 F.2d 1174, 1175 (5th Cir.1986). The first two steps require a lodestar analysis. Under this analysis it is necessary to determine the number of hours reasonably expended to perform the legal services for which compensation is requested. The reasonable number of hours is then multiplied by a reasonable hourly rate for the attorney providing the services, the latter being based on the Court's determination of the attorney's reputation, status and type of activity for which the attorney is seeking compensation. The product of the two figures is the "lodestar." *Nisby v. Commissioners Court of Jefferson County,* 798 F.2d 134, 136 (5th Cir.1986).

After arriving at a lodestar calculation, courts apply the remaining *Johnson* factors to determine if the lodestar should be adjusted upward or downward based on the contingency of success and the quality of the attorney's work. *Id.* at 137. The court must be careful not to "double count" a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments under part three of the "framework." *See Sims v. Jefferson Downs Racing*

4

*Assn.,* 778 F.2d 1068, 1084 (5th Cir.1985). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The fee seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley v. Eckerhart,* 461 U.S. 424, 433(1983); *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir.1995) (hereinafter "*LP & L*"). The court, however, should pay "special heed" to the time and labor involved, the customary fee, the amount involved, and the results obtained, and the experience, reputation, and ability of counsel. *Copper Liquor III,* 684 F.2d at 1092.

A. **The Lodestar Approach**

    i. **Reasonable Hourly Rate**

A reasonable hourly rate for attorney's fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Blum v. Stenson,* 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Scham v. District Courts Trying Criminal Cases,* 148 F.3d 554, 558 (5th Cir.1998). Plaintiffs bear the burden of producing satisfactory evidence that the requested rate is reasonable. *Id*. Satisfactory evidence should include evidence offered in declaration or opinion evidence of rates actually billed and paid by plaintiff's counsel, rates charged by lawyers in similar lawsuits, and the relative skill of the attorney involved. *Id*. If the hourly rate is unopposed, it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).

In support of the request for attorneys' fees, Plaintiffs submit a declaration from their counsel, Mr. Bragg, setting forth and outlining his good standing in various state and federal courts around the country, his educational background, his legal career and experience, his awards, his

experience lecturing on the FDCPA, and the numerous consumer cases in which he has been involved. (Rec. Doc. No. 53-2 at pp. 2 – 17). Mr. Braggs states that his standard hourly rate is $600, but he is reducing his hourly rate to $500 per hour. (*Id*.) Mr. Bragg also claimed that Louisiana federal courts have previously awarded attorneys an hourly rate of $500. (*Id*.). Plaintiffs argue that $500 per hour is not excessive for Mr. Bragg, who has 45 years of litigation experience. (Rec. Doc. No. 53-1 at p. 8). To support this position, Plaintiffs cite to *Oreck Direct, LLC v. Dyson, Inc.*, 2009 WL 1649503 at *4 (E.D. La. 2009) (finding that "the top rate for partner-level attorneys [in New Orleans] is between $400 and $450 per hour" and reducing hourly rates of $440-$470, $765, and $530) and *St. Joseph Abbey v. Castille*, 2015 WL 3444897 (E.D. La. May 27, 2015) (finding $450 per hour appropriate for an attorney with 23 years of experience).

The Court finds that Plaintiffs have not submitted satisfactory evidence to support an hourly rate of $500 for Mr. Bragg. Mr. Bragg does state that he charges an hourly rate of $500 for work done in the Eastern District of Louisiana or cite any case where $600 or $500 has been awarded to an attorney for FDCPA work in the Eastern District of Louisiana. Mr. Bragg's declaration does cite to *Jacobson v. Persolve, LLC*, wherein Mr. Bragg was awarded a $600 hourly rate for an FDCPA case in the Northern District of California. *Jacobson v. Persolve, LLC*, 2016 WL 7230873, at *7 (N.D. Cal. Dec. 14, 2016). However, upon review of the caselaw in this District, the Court has not found any case where a $500 hourly rate was awarded to an attorney in a FDCPA case. In fact, a review of the caselaw has revealed that the Court has awarded less than half that hourly rate in a FDCPA case to an attorney with forty (40) years of experience litigating FDCPA cases. *See Hagan*, 2001 WL 531119, at *6 (awarding $200 per hour rate to attorney with forty years of legal experience and expertise in FDCPA cases). Nevertheless, after considering Mr. Bragg's experience in FDCPA litigation and relying on this Court's previous rulings in *Oreck*

6

*Direct* and *St. Joseph Abbey*, the Court finds that a reduction in Mr. Bragg's requested rate is warranted. Thus, the Court finds that an hourly rate of $450 is reasonable for Mr. Bragg.

Additionally, Plaintiffs request an hourly rate of $350 for Ms. Gesund because she has over 10 years of litigation experience and her exclusive representation of consumers in this area of law. (Rec. Doc. No. 53-1 at p. 8). Like Mr. Bragg, Ms. Gesund also submitted a declaration in support of Plaintiffs' request for attorneys' fees. (Rec. Doc. No. 53-3). Ms. Gesund's declaration outlines the various state and federal courts around the country in which she is in good standing. (*Id*.) The declaration also outlines her educational background and her legal career and experience. (*Id*). Ms. Gesund states that graduated from the University of California at Davis School of Law in 2007. (*Id*.). Thereafter, she began practicing in litigation in 2007 until she opened her own office in 2013, exclusively representing consumer rights in individual and class action cases. (*Id*.). Ms. Gerund states that she is a partner with Gesund & Pailet, LLC., and her hourly rate is $350 (*Id*.). She further attests that she has been involved in over 350 FDCPA cases, and, based on her experience, there are not many FDCPA plaintiff attorneys in New Orleans, Louisiana. (*Id*.). She attests that she has been counsel of record since the filing of the complaint, and that the case was aggressively litigated. (*Id*.).

The Court finds that Plaintiffs have submitted insufficient evidence to support an hourly rate of $350 for Ms. Gesund. Other than Ms. Gerund's declaration attesting that her hourly rate is $350, Plaintiffs have not cited to a case in the Eastern District of Louisiana or produced any evidence where an attorney with similar skill and experience in a FDCPA case was awarded a $350 hourly rate. Upon review of caselaw in the Eastern District of Louisiana for attorneys with similar experience as Ms. Gesund, the Court finds that a reduction is warranted. *See Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), aff'd, 2017 WL 2274954

(E.D. La. May 25, 2017) (awarding hourly rates of $ 300 and $ 240 for attorneys with 17 and 10 years of experience); *Warder v. Shaw Grp., Inc.*, 2016 WL 3447950, at *2–3 (E.D. La. June 23, 2016) (awarding hourly rates of $ 325 for partner with 14 years of experience, $ 300 for associate who nonetheless had 20 years of experience in commercial litigation); *Hobson v. Abe Dev. LLC*, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (hourly rates of $ 250 and $ 275 in civil rights case to lawyers with "roughly ten years of experience"); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore*, LLC, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) ($ 325 and $ 275 per hour for attorneys with 19 and 7 years of experience); *Gulf Coast Facilities Mgmt, L.L.C. v. BG LNG Servs., L.L.C.*, Civ. A. No. 09-3822, 2010 WL 2773208 (E.D. La. July 13, 2010) (awarding $ 300.00/hour to attorneys with 17 years' experience and $ 180.00/hour and $ 135.00/hour to attorneys with seven years and two years' experience respectively). Given the authority cited above, the Court finds that an hourly rate of $300 dollars is reasonable.

    **ii. Determining the Reasonable Hours Expended**

Plaintiffs have the burden of substantiating the hours expended with sufficient clarity to enable the court to determine whether the claimed hours were in fact reasonable. *See Hensley,* 461 U.S. at 437; *Watkins,* 7 F.3d at 457. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433.

In addition, fee applicants are required to use "billing judgment." *Id.* at 437; *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir.1980) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority"). Where billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended, such as hours attributable to overstaffing, hours that appear excessive in light of the experience and skill of the lawyers, and hours that are redundant or otherwise unnecessary. *See*

*Hensley*, 461 U.S. at 434. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'").

Plaintiffs seek 33.9 hours for Mr. Bragg and 49.4 hours for Ms. Gesund. Plaintiffs claim that the time and labor required were "modest" because of the experience of counsel in consumer protection litigation, which allowed counsel to work efficiently to receive maximum statutory damages allowed under 15 U.S.C. §1692k(a)(2)(B). (Rec. Doc. No. 53-1 at p. 6). Plaintiffs also assert that Mr. Bragg and Ms. Gesund "reviewed each entry with an eye to reducing the time requested based on the work accomplished." (*Id*.). Plaintiffs attached timesheets to the declarations of Mr. Bragg and Ms. Gesund wherein the attorneys detail the tasks that they completed in this litigation, the time they spent on those tasks, and the amount they billed for the tasks. (Rec. Doc. No. 53-2 at pp. 20-23; Rec. Doc. No. 53-3 at pp. 6-9). Mr. Bragg attests that he expended 33.9 hours from the beginning of this litigation through October 15, 2020. (Rec. Doc. No. 53-2 at 18), and Ms. Gesund attests that she expended 49.4 hours on the litigation as of October 15, 2020. (Rec. Doc. No. 53-3 at p. 4).

As a threshold matter, the Court finds that Plaintiffs have submitted adequate documentation of the hours expended for which they seek to recover. The timesheets of Mr. Bragg and Ms. Gesund sufficiently described the work done, hours expended, hours claimed, and were supported by declarations. However, upon review of the timesheets submitted, the Court finds that Plaintiffs' attorneys only partially exercised billing judgment and that a slight reduction in the

number of hours billed is warranted. The timesheets of Ms. Gesund and Mr. Bragg reveal redundant and duplicative entries where both attorneys were working on and billing for the same task. For example, on September 10, 2019, both Mr. Bragg and Ms. Gesund billed the Plaintiffs for the review of Defendants' production of documents. (Rec. Doc. No. 53-3 at p. 7; Rec. Doc. No. 53-2 at p. 20). On September 11 and 13, 2019, Plaintiffs' attorneys both billed for the review of Defendants' settlement offer and drafting and/or preparing a counteroffer. *Id*. On October 21, 2019, Plaintiffs' attorneys both billed for reviewing Defendants' settlement offer. (Rec. Doc. No. 53-3 at p. 8; Rec. Doc. No. 53-2 at p. 20). Further, on December 2 and 9, 2019, Plaintiffs' attorneys were preparing, drafting, and billing for the same motion for class certification. *Id*. These time entries are just a few examples of the times that Plaintiffs' attorneys billed for the same or similar work. Accordingly, this Court finds that a ten percent reduction in total hours recorded by each attorney is warranted under the circumstances.

### iii. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 724, 717-19 (5th Cir. 1974); *see Moody v. Associated Wholesale Grocers, Inc.*, Civ. A. No. 17-10290, 2019 WL 6683850, at *5 (E.D. La. Dec. 6, 2019). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). Upon review of the *Johnson* factors, the Court finds that an upward or downward adjustment of the lodestar is not warranted.

### iv. Calculation of the Lodestar

For the foregoing reasons, the Court finds that the lodestar is:

|  | Hours | Rate | Total |
|---|---|---|---|
| O. Randolph Bragg | 30.51 (33.9 reduced by 10%) | $450/hour | $13,729.50 |
| Keren E. Gesund | 44.46 (49.4 reduced by 10%) | $300/hour | $13,338 |
| **Lodestar** |  |  | **$27,067.50** |

### B. Plaintiffs' Costs.

The FDCPA grants successful a plaintiff reimbursement of the "costs of the action." 15 U.S.C. §1692k(a)(3). A court generally will award reasonable out-of-pocket expenses incurred by the prevailing attorney which are normally charged separately to fee-paying clients and which are not incorporated as part of office overhead into the attorney's billing rate. *See Assoc. Builders & Contractors of Louisiana, Inc. v. Orleans Parish Sch. Bd.*, 919 F .2d 374, 380 (5th Cir.1990). Plaintiffs' assert that their request for costs is limited to filing fees, service fees, subpoenas, deposition costs and transportation costs. (Rec. Doc. No. 53-1 at p. 15). Mr. Bragg's declaration states that his firm has incurred $1,089.41 in costs and litigation expenses. (Rec. Doc. No. 53-2 at p. 18). These costs include filing and appearance fee, messenger/delivery fee, and the costs of deposition transcripts. (*Id*. at. p. 23). Ms. Gesund's declaration states that her firm has incurred $1,091 in costs and litigation expenses, which include filing and service fees (Rec. Doc. No. 53-2 at p. 18). In total, Plaintiffs' costs amount to $2,180.41. The Court finds that the Plaintiffs' costs are reasonable and will award costs in the amount of $2,180.41.

**III.    CONCLUSION**

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Award of Attorneys' Fees and Costs be GRANTED IN PART and the Defendants be ordered to pay attorneys' fees in the amount of $27,067.50 and costs in the amount of $2,180.41.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,1430 (5th Cir. 1996) (*en blanc*).

New Orleans, Louisiana this 3rd day of May, 2021.

_____
**DANA M. DOUGLAS
UNITED STATES MAGISTRATE JUDGE**
