UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIA BARDALES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-340-WBV-DMD** |
| **FONTANA & FONTANA, LLC, ET AL.** | **SECTION: "D" (3)** |

### ORDER AND REASONS

Before the Court is a Motion for Award of Attorneys' Fees and Costs, filed by plaintiffs, Cornelia Bardales and Donald Russell.[1] Plaintiffs seek to recover $34,240 in attorney's fees incurred by their counsel, O. Randolph Bragg and Keren E. Gesund, and $2,180.41 in costs, or a total of $36,420.41.[2] The Court referred the Motion to the assigned United States Magistrate Judge for hearing and submission of a Report and Recommendation.[3] Thereafter, Defendants filed a Notice of No Objection to Plaintiffs' Motion for Award of Attorneys' Fees and Costs.[4] On May 3, 2021, the assigned Magistrate Judge issued a Report and Recommendation, recommending that the Motion be granted and that the Defendants be ordered to pay $27,067.50 in attorney's fees and $2,180.41 in costs.[5]

After careful consideration of the pleadings and the applicable law, the Report and Recommendation is **ADOPTED in part** and **MODIFIED in part,** as set forth herein. Accordingly, the Motion is **GRANTED as modified.**

---

[1] R. Doc. 53.
[2] *Id.* at pp. 1-2.
[3] R. Doc. 54.
[4] R. Doc. 55.
[5] R. Doc. 67.

I. **BACKGROUND**[6]

Pursuant to the Court's November 2, 2021 Order of Referral, the assigned magistrate judge issued a Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees on May 3, 2021.[7] In the Report, the Magistrate Judge found that Plaintiffs were the prevailing party in this litigation by virtue of the favorable settlement in the amount of $10,000, and that Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. 1692k(a)(3).[8] After conducting a lodestar analysis, the Magistrate Judge concluded that Plaintiffs had failed to submit satisfactory evidence to support an hourly rate of $500 for their counsel, O. Randolph Bragg, and found that an hourly rate of $450 was reasonable based upon his experience in FDCPA litigation.[9] The Magistrate Judge likewise found that Plaintiffs had failed to submit sufficient evidence to support an hourly rate of $350 for their counsel, Keren E. Gesund, and found that an hourly rate of $300 was reasonable based upon her experience.[10]

Regarding the reasonable hours expended by counsel, the Magistrate Judge found that Plaintiffs submitted adequate documentation of the 83.3 hours expended by their counsel, but that counsel only partially exercised billing judgment and that a slight reduction in the number of hours billed was warranted.[11] As such, the Magistrate Judge found that a ten percent reduction in the total hours recorded by

---

[6] The Court adopts the factual and procedural background of the case, as set forth in the "Background" section of the Magistrate Judge's Report and Recommendation. R. Doc. 67 at pp. 1-2.
[7] R. Doc. 67.
[8] *Id.* at p. 3.
[9] *Id.* at pp. 5-7.
[10] *Id.* at pp. 7-8.
[11] *Id.* at p. 9-10.

each attorney was warranted.[12] The Magistrate Judge further found that an upward or downward adjustment of the lodestar was not warranted under the *Johnson* factors.[13] Based upon her determination of the reasonable hourly rates and the reasonable number of hours worked, the Magistrate Judge determined that the lodestar calculation for attorneys' fees was $27,067.50.[14] Finally, the Magistrate Judge found that Plaintiffs were entitled to recover the "costs of the action," that Plaintiffs' costs were reasonable, and awarded costs in the amount of $2,180.41.[15] As such, the Magistrate Judge recommended that Plaintiffs' Motion for Attorneys' Fees be granted in part, and that Defendants be ordered to pay $27,067.50 in attorneys' fees and $2,180.41 in costs.

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Report and Recommendations

Under 28 U.S.C. § 636(b)(1)(B), the district court may refer dispositive matters to a magistrate judge, who then issues a report and recommendations.[16] The district court must review *de novo* those portions of the report and recommendations to which an objection is made.[17] The Court reviews all other portions of the report and recommendations for clear error.[18] Because Defendants do not object to the Report

---

[12] *Id.* at p. 10.
[13] *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 724, 717-19 (5th Cir. 1974)).
[14] R. Doc. 67 at p. 11.
[15] *Id.*
[16] 28 U.S.C. § 636(b)(1)(C).
[17] 28 U.S.C. § 636(b)(1).
[18] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

and Recommendation, the Court reviews the Report and Recommendation for clear error.

### III. ANALYSIS

#### A. Reasonable Hourly Rates

Plaintiffs have the burden of showing that their attorneys' hourly rates are reasonable in this case.[19] Regarding the reasonable hourly rate, "the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[20] "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there."[21] According to the Fifth Circuit, "the burden is on the applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[22]

##### 1. *The Magistrate Judge clearly erred in finding $450 per hour is a reasonable hourly rate for Mr. Bragg.*

In support of their request for attorneys' fees, Plaintiffs submitted declarations from their counsel, O. Randolph Bragg and Keren Gesund.[23] According to Mr. Bragg's

---

[19] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).
[20] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998), abrogation on other grounds recognized by *Bailey v. Mississippi*, 407 F.3d 684, 686 (5th Cir. 2005)); *See*, *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)) ("Seminal to this case is the principle that 'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'").
[21] *Tollett*, 285 F.3d at 368 (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community")).
[22] *McClain*, 649 F.3d at 381 (quoting *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. 1541) (internal quotation marks omitted).
[23] R. Docs. 53-2 & 53-3.

Declaration, he has been a practicing attorney since 1973 and, since 1995, he has specialized in the representation of persons in consumer rights litigation, both individual and class action cases.[24] Mr. Bragg details his extensive experience, including lecturing on consumer law issues and various awards he has received in recognition of his expertise.[25] In his Declaration, Mr. Bragg requests an award of attorney's fees at a rate of $500 per hour, a reduction from his "standard rate" of $600 per hour.[26] Citing four specific cases, Mr. Bragg asserts that Louisiana federal courts have awarded attorney's fees at a rate of $500 per hour.[27]

In the Report and Recommendation, the Magistrate Judge found that Plaintiffs had failed to submit satisfactory evidence to support an hourly rate of $500 for Mr. Bragg.[28] After reviewing pertinent case law from this District, the Magistrate Judge was unable to find any case where a $500 hourly rate was awarded to an attorney in an FDCPA case, and held, "In fact, a review of the caselaw has revealed that the Court has awarded less than half that hourly rate in a FDCPA case to an attorney with forty (40) years of experience litigating FDCPA cases."[29] Nonetheless, after considering Mr. Braggs' experience in FDCPA litigation and relying on this Court's

---

[24] R. Doc. 53-2 at p. 6.
[25] *Id.* at pp. 7-10.
[26] *Id.* at p. 17.
[27] *Id.* at pp. 17-18 (citing *Charles v. Viator*, Civ. A. No. 10-1726, 2011 WL 1085008, at *2 (W.D. La. Mar. 23, 2011); *In re Porter*, Civ. A. No. 10-13553, 2014 WL 585962, at *9 (Bankr. E.D. La. Feb. 14, 2014); *Schwegmann Family Tr. No. 2. v. Toys "R" Us, Inc.*, Civ. A. No. 06-2478, 2011 WL 13362591, at *6 (E.D. La. Jan. 5, 2011); *Jacobson v. Persolve, LLC*, Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873, at *7 (N.D. Cal. Dec. 14, 2016)).
[28] R. Doc. 67 at p. 6.
[29] *Id.* (citing *Hagan v. MRS Assocs., Inc.*, Civ. A. No. 99-3749, 2001 WL 531119, at *6 (E.D. La. May 15, 2001), *aff'd sub nom. Hagan v. M.R.S. Assocs., Inc.*, 281 F.3d 1280 (5th Cir. 2001) (awarding $200 per hour rate to attorney with 40 years of legal experience and expertise in FDCPA cases)).

prior rulings in *Oreck Direct* and *St. Joseph Abbey*, the Magistrate Judge found that a reduction in Mr. Bragg's requested rate was warranted, and found that an hourly rate of $450 is reasonable for Mr. Bragg.[30]

The Court agrees that a reduction in Mr. Bragg's requested hourly rate was warranted in this case. While Plaintiffs provided information regarding the qualifications, skill, and experience of Mr. Bragg, they failed to provide any information regarding the prevailing market rate for lawyers of similar skill, experience, and reputation to Mr. Bragg in the Eastern District of Louisiana. Specifically, Plaintiffs did not offer affidavits from other attorneys practicing in the Eastern District of Louisiana and, instead, rely upon Mr. Bragg's own assertions in his Declaration that his rates are reasonable. Thus, Plaintiffs did not meet their burden to show that Mr. Bragg's requested rate is in line with those prevailing *in this community for similar services* by lawyers of reasonably comparable skill and experience.

The Court, however, finds that the Magistrate Judge clearly erred in concluding that $450 is a reasonable hourly rate in this District for an attorney with Mr. Bragg's experience. This is evident from a review of the legal authority relied upon by the Magistrate Judge in reaching her conclusion on Mr. Bragg's reasonable hourly rate. The Magistrate Judge references *Hagan v. MRS Assocs., Inc.*, a 2001 FDCPA case in which another Section of this Court held that an hourly rate of $240

---

[30] R. Doc. 67 at pp. 6-7 (citing *Oreck Direct, LLC v. Dyson, Inc.*, Civ. A. No. 07-2744, 2009 WL 1649503 (E.D. La. 2009); *St. Joseph Abbey v. Castille*, Civ. A. No. 10-2717, 2015 WL 3444897 (E.D. La. May 27, 2015)).

was "out of line with other awards reported in FDCPA cases" and awarded attorney's fees at a rate of $200 per hour.[31] The Magistrate Judge also relied upon this Court's ruling in *Oreck Direct, LLC v. Dyson*, wherein another Section of this Court declared that, "[T]he Court is familiar with the local legal market and knows that the top rate for partner-level attorneys here is between $400 and $450 per hour."[32] In that case, which involved multi-year litigation, the Court concluded that the associate attorneys' requested rate of $440 per hour was "unreasonable in this local market," and reduced it to an hourly rate of $400.[33] The Magistrate Judge further relied upon *St. Joseph Abbey v. Castille*, wherein another Section of this Court reduced an attorney's requested hourly rate from $500 to $450, specifically noting the "somewhat unique nature" of the case.[34] In reducing the hourly rate, the Court cited *Oreck Direct, LLC*, noting that, "Five years ago . . . the Chief Judge of this district found that 'the top rate for partner-level attorneys here is between $400 and $450 per hour.'"[35] Additionally, the Court described the case as a "very difficult case" that raised constitutional issues that "were of first impression in the Fifth Circuit."[36]

The Court finds that the foregoing authority does not support the Magistrate Judge's finding that $450 is a reasonable hourly rate for an attorney of Mr. Bragg's experience in an FDCPA case. Unlike the foregoing cases that involved "unique," "extensive" and/or complex multi-year litigation, this case has proceeded in a very

---

[31] Civ. A. No. 99-3749, 2001 WL 531119, at *2.
[32] Civ. A. No. 07-2744, 2009 WL 1649503 at *4.
[33] *Id.*
[34] Civ. A. No. 10-2717, 2015 WL 3444897, at *10 (E.D. La. May 27, 2015).
[35] Civ. A. No. 10-2717, 2015 WL 3444897 at *9 (quoting *Oreck Direct, LLC*, Civ. A. No. 07-2744, 2009 WL 1649503 at *4) (internal quotation marks omitted).
[36] Civ. A. No. 10-2717, 2015 WL 3444897 at *2.

straightforward manner. Indeed, the parties filed a Joint Notice of Pending Class Settlement less than a year after the Complaint was filed.[37] Pertinent jurisprudence from this District indicates that the reasonable hourly rate awarded in FDCPA cases generally does not exceed $300.[38] The Court, however, is aware of a recent FDCPA case, *Masson v. Pioneer Credit Recovery, Inc.*, in which the plaintiff sought attorney's fees for work performed by Mr. Bragg at a rate of $450 per hour and for work performed by Ms. Gesund at $310 per hour.[39] While another Section of this Court granted the motion for attorney's fees without modification, the Court notes that the plaintiff in *Masson* sought attorney's fees in an amount that represented a 19% reduction in the lodestar calculation, effectively lowering the reasonable hourly rate sought, and obtained, by Mr. Bragg and Ms. Gesund.[40]

---

[37] *See*, R. Docs. 1 & 41.
[38] *See*, *Fagan v. Lawrence Nathan Associates, Inc.*, 957 F. Supp. 2d 784 (E.D. La. 2013) (Brown, J.) (finding that attorneys' fees in the amount of $250 per hour for 20 hours was reasonable for an attorney with 28 years of experience in an FDCPA case resolved on a motion for default judgment filed a year after the lawsuit was filed); *Sanders v. Washington Mut. Home Loans, Inc.*, Civ. A. Nos. 05-2166, 06-1996, 2009 WL 365683, at *7 (E.D. La. Feb. 10, 2009) (Engelhardt, J.) (finding that an hourly rate of $250 was at the high end of reasonable rates for attorneys in an FDCPA case, but finding that $325 was excessive and not customary in this community). *See also, Cope v. Duggins*, 203 F. Supp. 2d 650, 656 & n.2 (E.D. La. 2002) (Fallon, J.) (concluding that $200 per hour was a reasonable rate in a FDCPA case, but not addressing the reasonableness of the $300 per hour rate sought by O. Randolph Bragg, explaining that, "The court need not reach this issue because the amount of attorneys' fees sought is less than the lodestar calculation. Therefore, in effect, Mr. Bragg is not seeking an hourly rate of $300 per hour."). The Court notes that in *Cedotal v. Whitney Nat. Bank*, a 2010 ERISA case, another Section of this Court summarized the reasonable hourly rates awarded for attorneys with different experience levels, ranging from 7 to 28 years, in 14 cases from this District, none of which exceeded $265 per hour. Civ. A. No. 94-01397, 2010 WL 5582989, at *11-13 (E.D. La. Nov. 10, 2010) (Chasez, J.) (citing authority).
[39] *See*, R. Docs. 113 & 117 in *Masson v. Pioneer Credit Recovery, Inc.*, Civ. A. No. 16-1887-ILRL-JVM (E.D. La. 2017). While the Court notes that Ms. Gesund's Declaration in that case states, "My hourly rate as a partner with Gesund & Pailet, LLC is and always has been $310," her Declaration is also dated September 28, 2017. *See*, R. Doc. 113-3 at p. 3 in *Masson v. Pioneer Credit Recovery, Inc.*, Civ. A. No. 16-1887-ILRL-JVM (E.D. La. 2017). Because three years have elapsed since Ms. Gesund's prior Declaration, the Court sees no conflict between the rates listed in the two declarations.
[40] *See*, R. Doc. 113 at pp. 2-3 in *Masson v. Pioneer Credit Recovery, Inc.*, Civ. A. No. 16-1887-ILRL-JVM (E.D. La. 2017).

Additionally, this Court settled an FDCPA class action last year in which the defendant agreed to pay an award of reasonable attorneys' fees that amounted to a rate of less than $335 per hour for each attorney.[41] Thus, as Magistrate Judge North recently explained in *Herbert v. New Orleans City*, "The *St. Joseph's Abbey* case cannot be reasonably compared to this one in any meaningful way . . . . The *St. Joseph's Abbey* case was aggressively litigated for almost five years, tried, appealed to the Fifth Circuit and certified by that Court to the Louisiana Supreme Court."[42] The Court agrees with Magistrate Judge North's assessment that, "The only thing the *St. Joseph's Abbey* case has to offer anyone here is an opportunity for counsel to argue for higher rates. That argument is unconvincing."[43]

Interestingly, the cases relied on by Plaintiffs to support their request for attorneys' fees further support the Court's conclusion that the Magistrate Judge erred in finding that $450 is a reasonable hourly rate for Mr. Bragg. Relying upon three Louisiana cases and one California case, Plaintiffs contend that, "Louisiana federal courts have awarded attorneys' [sic] at a rate of $500 per hour."[44] In *Charles v. Viator*, a 2011 case from the Western District of Louisiana, the plaintiff filed a motion to remand and requested attorneys' fees at a rate of $500 per hour for a partner and

---

[41] *See*, R. Docs. 54 & 55 in *LeBoeuf v. Forster & Garbus LLP*, Civ. A. No. 19-845-WBV-JVM (E.D. La. 2020) (plaintiff sought $45,000 in attorney's fees for class counsel for a total of 134.4 hours worked).
[42] *Herbert v. New Orleans City*, Civ. A. No. 16-02870, 2017 WL 3216583, at *5 (E.D. La. July 28, 2017) (North, M.J.) (citing *St. Joseph's Abbey*, Civ. A. No. 10-2717, 2015 WL 3444897).
[43] *Herbert*, Civ. A. No. 16-02870, 2017 WL 3216583 at *5.
[44] R. Doc. 53-2 at p. 17 (citing *Charles v. Viator*, Civ. A. No. 10-1726, 2011 WL 1085008, at *2 (W.D. La. Mar. 23, 2011); *In re Porter*, Civ. A. No. 10-13553, 2014 WL 585962, at *9 (Bankr. E.D. La. Feb. 14, 2014); *Schwegmann Family Tr. No. 2. v. Toys "R" Us, Inc.*, Civ. A. No. 06-2478, 2011 WL 13362591, at *6 (E.D. La. Jan. 5, 2011); *Jacobson v. Persolve, LLC*, Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873, at *7 (N.D. Cal. Dec. 14, 2016)).

$200 per hour for an associate.[45] In granting the motion to remand and awarding attorney's fees to the plaintiff, the court held that, "the hourly rates charged are not reasonable given prevailing market rates in the Lafayette area."[46] The court found that a reasonable hourly billable rate for the legal work performed is $150 per hour and awarded attorneys' fees at that rate for both attorney's.

The second case, *In re Porter*, is a 2014 case from this District that involved claims and counterclaims for breach of contract, violation of the Massachusetts Unfair Trade Practices Act, negligence, breach of fiduciary duty, and copyright infringement.[47] In their motion for attorney's fees, the artist-defendants requested attorney's fees for one attorney at a rate of $650 per hour, even though the attorney had previously agreed to represent his client at a rate of $500 per hour and had testified that his normal and customary rate was between $400 and $600 per hour.[48] The court determined that the attorney's customary rate was $500 per hour, but reduced the rate to $375 per hour. The court held that a downward departure was warranted based "in particular on the rates customarily charged in this district for attorneys of like experience and skill and the fact that this matter did not preclude [attorney's] employment in other matters . . . ."[49] The artist-defendants also sought attorney's fees for another attorney at a rate of $450 per hour, but the Court likewise found that the attorney's personal customary rate was only $200 per hour.[50]

---

[45] Civ. A. No. 10-1726, 2011 WL 1085008, at *1-2.
[46] *Id*. (citing authority).
[47] Civ. A. No. 10-13553, 2014 WL 585962, at *9 (Bankr. E.D. La. Feb. 14, 2014).
[48] Civ. A. No. 10-13553, 2014 WL 585962 at *5.
[49] Civ. A. No. 10-13553, 2014 WL 585962 at *6.
[50] Civ. A. No. 10-13553, 2014 WL 585962 at *4-5.

Nonetheless, the Court found that an upward departure was warranted because his customary rate did not reflect the market rate customarily charged in this District for attorneys of like experience and skill and, therefore, the Court awarded attorney's fees at a rate of $325 per hour for that attorney.[51] The court also considered the fact that the attorney described his law office as a "small shop," and said that the case "monopolized" his time for over a year.[52] Plaintiffs have not made any such claims regarding their counsel in the instant case.

In *Schwegmann Family Tr. No. 2 v. Toys "R" Us, Inc.,* another 2011 case from this District, the party requesting attorneys' fees requested hourly rates that ranged from $748 for a partner on the case to $230 for an associate.[53] The case, which was filed in 2006, involved a significant contract dispute, counterclaim, and third-party complaint, and was not settled until more than four years later in 2010.[54] After a detailed analysis, another Section of this Court awarded attorneys' fees at $500 per hour for the partners in the law firm and $200 per hour for associates, specifically noting that, "The court is familiar with the local legal market and notes that the top rate for partners specializing in tax is between $500 and $510 per hour."[55] Because the *Schwegmann* case involved a significant, multi-year, multi-party contract dispute that included an IRS tax lien, it is not appropriately compared to an award of attorney's fees in this case, which is an FDCPA matter.

---

[51] Civ. A. No. 10-13553, 2014 WL 585962 at *6.
[52] Civ. A. No. 10-13553, 2014 WL 585962 at *5.
[53] Civ. A. No. 06-2478, 2011 WL 13362591, at *5 (E.D. La. Jan. 5, 2011).
[54] Civ. A. No. 06-2478, 2011 WL 13362591 at *1.
[55] Civ. A. No. 06-2478, 2011 WL 13362591 at *6.

In the California case, *Jacobson v. Persolve, LLC*, the plaintiff in an FDCPA case sought attorney's fees for the work performed by four attorney's, including Mr. Bragg.[56] Plaintiff requested an hourly rate of $650 per hour for Mr. Bragg.[57] The plaintiff in *Jacobson* filed her complaint on February 18, 2014 and, after extensive motion practice, the parties filed a joint motion for preliminary approval of class action settlement on September 28, 2015. The joint motion, however, was later amended and, following a hearing, was denied without prejudice by the court.[58] In April 2016, over two years after the initiation of the lawsuit, the parties filed a second joint motion for preliminary approval of class action settlement, which the court granted on June 7, 2016.[59] After detailing these deficiencies, the court, addressing the reasonableness of Mr. Bragg's requested hourly rate, concluded that, "the instant suit has not been litigated in a manner consistent with extensive class action litigation experience in federal court."[60] The court reasoned that, "Given the lack of evidence presented to the Court concerning Bragg's requested rate and the manner in which the instant suit has been litigated, the Court finds that a reduction in Bragg's hourly rate is warranted."[61] The court ultimately found that an hourly rate of $600 was reasonable "because of Bragg's 40 years of litigation experience," and the fact that the same hourly rate had been approved for an experienced attorney in

---

[56] Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873 (N.D. Cal. Dec. 14, 2016).
[57] Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873 at *5.
[58] Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873 at *3.
[59] *Id.*
[60] Civ. A. No. 14-CV-00735-LHK, 2016 WL 7230873 at *7.
[61] *Id.*

another FDCPA case in the district earlier that same year.⁶² The Court feels compelled to remind Plaintiffs, however, that the *Jacobson* case proceeded in the Northern District of California, which is not representative of prevailing awards in the Eastern District of Louisiana.

As noted earlier, the procedural background of this case is very different from the cases relied on by Plaintiffs. The Complaint in this case was filed on January 16, 2019, and an Amended Complaint was filed on April 23, 2019.⁶³ One year later, on February 3, 2020, after minimal pretrial motion practice, the parties filed a Joint Motion for Preliminary Approval of Class Settlement and Preliminary Determination on Class Certification.⁶⁴ While Mr. Bragg has shown his deep knowledge and background in consumer protection matters through his Declaration, the Court notes that local counsel, Ms. Gesund, by her own admission, was fully capable of handling this matter.⁶⁵ Further, as a partner in a law firm who exclusively represents consumer rights clients in this District, Ms. Gesund represented that she normally charges $350 per hour.⁶⁶ The Court finds this information indicative of the prevailing rate in this community for handling similar FDCPA matters. Accordingly, the Court concludes that an hourly rate of $400 per hour is reasonable for Mr. Bragg.

---

⁶² *Id.* (citing *Price-Pauline v. Performant Recovery, Inc.*, Civ. A. No. 14-cv-00850-JD, 2016 WL 310268, at *2 (N.D. Cal. Jan. 26, 2016)).
⁶³ R. Docs. 1, 13, & 14.
⁶⁴ R. Doc. 44.
⁶⁵ *See*, R. Doc. 53-3.
⁶⁶ *Id.* at p. 3.

### *2. There was no clear error in the Magistrate Judge's finding that $300 is a reasonable hourly rate for Ms. Gesund.*

The Court further finds, based upon the caselaw outlined above, that the Magistrate Judge did not err in finding that $300 is a reasonable hourly rate for an attorney with the same level of experience as Ms. Gesund in an FDCPA case.[67] Ms. Gesund submitted a Declaration, advising the Court that she has been practicing law since 2007, that she has been representing debt collectors and consumers with FDCPA claims since 2011, and that she has been involved in over 300 FDCPA cases since 2011.[68] In addition to the cases relied upon by the Magistrate Judge in the Report and Recommendation, in *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, another Section of this Court recently awarded attorneys' fees of $300 per hour for an attorney with 17 years' experience and $240 per hour for an attorney with roughly 10 years of experience.[69] Thus, the Court adopts the Magistrate Judge's finding with respect to Ms. Gesund's reasonable hourly rate.

### B. Reasonable Hours Expended

Turning to the reasonable hours expended by counsel, the Court agrees with the Magistrate Judge that Plaintiffs have provided sufficient documentation of the 33.9 hours expended by Mr. Bragg and the 49.4 hours expended by Ms. Gesund. The Court further finds that the Magistrate Judge correctly pointed out instances of billing by each attorney which appeared to be for the same activities. Specifically,

---

[67] R. Doc. 67 at pp. 7-8.
[68] R. Doc. 53-3 at p. 3.
[69] *Mr. Mudbug, Inc., v. Bloomin' Brands, Inc.*, Civ. A. No. 15-5265, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017) (Roby, M.J.).

the Magistrate Judge pointed out that both counsel billed for review of Defendants' production of documents on September 10, 2019, and that they both billed for reviewing Defendants' settlement offer on October 21, 2019.[70] Accordingly, the Court finds no clear error in the Magistrate Judge's ten percent reduction in the total hours expended by each attorney, and adopts the finding.

Based upon the foregoing analysis, the Court finds that the lodestar is:

| Counsel | Hours | Rate | Total |
|---|---|---|---|
| O. Randolph Bragg | 30.51 (33.9 reduced by 10%) | $400/hr. | $12,204 |
| Keren E. Gesund | 44.46 (49.4 reduced by 10%) | $300/hr. | $13,338 |
| **Lodestar** | | | **$25,542** |

### C. Plaintiff's Costs

The Court adopts the Magistrate Judge's Report and Recommendation regarding the award of costs in the amount of $2,180.41.[71]

**IT IS HEREBY ORDERED** that the Motion for Award of Attorneys' Fees and Costs[72] is **GRANTED as modified.** Defendants are ordered to pay Plaintiffs attorneys' fees in the amount of $25,542.00 and costs in the amount of $2,180.41.

New Orleans, Louisiana, June 8, 2021.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[70] R. Doc. 67 at p. 10.
[71] *Id.* at p. 11.
[72] R. Doc. 53.