UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIA BARDALES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-340-WBV-DMD** |
| **FONTANA & FONTANA, LLC, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Plaintiffs, Cornelia Bardales and Donald Russell, and defendants, Fontana & Fontana, LLC, Darryl M. Fontana, and Jules A. Fontana, III (collectively, "Defendants") have settled this class action litigation involving claims arising from Defendants' alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*. Before the Court is a Consent Motion for Final Approval of Class Settlement and Class Certification.[1] The Court issued an Order and Reasons on September 30, 2020, preliminarily approving class certification and class settlement,[2] and held a Fairness Hearing on the instant Motion on August 24, 2021.[3] After careful consideration of the parties' memoranda, the Class Settlement Agreement and exhibit thereto,[4] the evidence and arguments submitted at the Fairness Hearing, and the applicable law, the Court finds that the proposed settlement of this class action is fair, reasonable, and adequate. Accordingly, the

---

[1] R. Doc. 57.
[2] R. Doc. 51. *See*, R. Doc. 44-2.
[3] R. Doc. 78.
[4] R. Docs. 44-2 & 44-4.

Motion for Final Approval of Class Settlement and Class Certification is **GRANTED in part** and **DENIED in part, as moot**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2019, Cornelia Bardales filed a Class Action Complaint, alleging that Defendants violated the FDCPA by sending her, and other similarly situated consumers, a form collection letter that failed to notify her that the balance due on an outstanding debt may increase due to interest and fees.[5] Ms. Bardales alleged that on November 28, 2018, Defendants sent, or caused to be sent, on behalf of Mariner Finance of Harvey a form collection letter, a copy of which is attached to the Complaint as Exhibit 1.[6] The letter is signed by both of the individual defendants, and identifies a past due balance of $244.04 and a net payoff of $2,773.81.[7] Ms. Bardales alleged that Mariner Finance of Harvey assesses interest and/or fees on its loans, but that Defendants' collection letter failed to notify her that interest and/or fees are accruing on the debt.

Ms. Bardales claims that, through her counsel, she sent a letter to Defendants on December 20, 2018, disputing and requesting verification of the alleged debt.[8] Instead of verifying the debt, Defendants filed a lawsuit against her in the First Parish Court for Jefferson Parish, Louisiana, entitled *Pioneer Credit Company dba Mariner Finance LLC v. Cornelia Bardeles*, Case No. 165-531, to collect the alleged

---

[5] R. Doc. 1.
[6] *Id*. at p. 1 (*citing* R. Doc. 1-1).
[7] R. Doc. 1 at p. 3.
[8] *Id*.

past due Mariner Finance of Harvey debt.[9] In response, Ms. Bardales filed the instant class action litigation, asserting claims for relief individually and on behalf of a class of consumers who: (1) within one year prior to the filing of this action; (2) were sent an initial collection letter from defendants; (3) in an attempt to recover an alleged obligation accruing interest and/or fees incurred for personal, family, or household purposes; and (4) in which defendants did not disclose that they were continuing to add interest and/or fees to the subject account.[10] Ms. Bardales subsequently filed an Amended Complaint, naming Donald Russell as an additional plaintiff.[11]

On September 30, 2020, this Court granted Plaintiffs' Motion for Class Certification, and granted in part, as modified, and denied in part, as moot, Plaintiffs' Joint Motion for Preliminary Approval of Class Settlement and Preliminary Determination on Class Certification.[12] In the Order, the Court preliminarily certified the following class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3):

> A Louisiana class of persons who: (i) within one year prior to the filing of this action; (ii) were sent a letter by Defendants in the form of Exhibit 1 or 2, attached to the Amended Class Action Complaint; (iii) in an attempt to recover an alleged obligation accruing interest and/or fees incurred for personal, family, or household purposes; and (iv) in which

---

[9] *Id*. *See*, R. Doc. 1-2.
[10] *Id*. at p. 4.
[11] R. Docs. 9, 13, & 14.
[12] R. Doc. 51. *See*, R. Docs. 39 & 44.

> Defendants did not disclose that they were continuing to add interest and/or fees to the subject account.[13]

The Court also preliminarily approved the terms of the Class Settlement Agreement,[14] which provides a class-wide settlement payment by Defendants of $10,000.00, an amount greater than 1% of Defendants' net worth (the maximum recovery permitted pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)), which will result in payment of $128.20 to each of the 78 class members who submitted a valid claim form, as well as an incentive award to Plaintiffs of $4,000.00 each, an award of reasonable attorney's fees to class counsel, set forth in a prior motion for attorney's fees,[15] an additional $2,000.00 to class counsel for work performed in connection with the instant Motion, payment of the class administrative services, and a release from all claims pled or that could have been raised regarding the underlying collection letters.[16] The Class Settlement Agreement also contains a Release provision, providing that class members will release all claims made or which could have been made against Defendants and the released parties, as defined by the Class Settlement Agreement, or which in any way arise out of the allegations that were or could have been made by class members arising out of the Defendants' mailing of the debt collection letters at issue.[17]

The Court also ordered first-class mail notice of the Class Settlement Agreement to all prospective class members (or to their attorneys), from a list of

---

[13] R. Doc. 51.
[14] R. Doc. 44-2.
[15] R. Doc. 53.
[16] R. Doc. 57 at pp. 3-4. *See*, R. Doc. 44-2.
[17] R. Doc. 44-2 at p. 6.

names and addresses provided by Defendants and updated from a National Change of Address search performed by the settlement administrator, First Class, Inc., which provided class members with an opportunity either to submit a claim, exclude themselves from the settlement class, or object to the proposed settlement. Additionally, the Court scheduled a Fairness Hearing for February 9, 2021.[18]

Plaintiffs filed the instant Consent Motion for Final Approval of Class Settlement and Class Certification on January 15, 2021.[19] The Court held a Fairness Hearing on August 24, 2021, during which the parties presented arguments and evidence to the Court in support of the Motion.[20]

## II. FINAL CLASS CERTIFICATION

For the same reasons set forth in the Court's September 30, 2020 Order and Reasons, the Court finds that the settlement class satisfies the prerequisites of Fed. R. Civ. P. 23(a) and 23(b)(3).[21] The numerosity requirement is met because the settlement class was sufficiently ascertainable based upon Defendants' records, and the class members are so numerous that their joinder before the Court would be impracticable. The commonality requirement is met because common questions of fact and law predominate over questions of fact and law affecting only individual members of the settlement class. Specifically, a determination regarding whether Defendants' collection letters violated the FDCPA would resolve the allegations of the

---

[18] R. Docs. 51 & 52. At the parties' request, the Court continued the Fairness Hearing to August 24, 2021. *See*, R. Docs. 69, 71, 72, 73, 74, 75.
[19] R. Doc. 57.
[20] R. Doc. 78.
[21] *See*, R. Doc. 51 at pp. 6-15.

entire class. The Court finds that the typicality requirement is met because the claims of the named plaintiffs (Cornelia Bardales and Donald Russell) are virtually identical to the claims of the settlement class – that Defendants violated the FDCPA by sending collection letters on behalf of Mariner Finance of Harvey that failed to notify the recipient that interest and/or fees were continuing to accrue on the debt. The Court also finds that the named plaintiffs and class counsel have fairly and adequately protected the interests of the settlement class for purposes of entering into and implementing the settlement, and have therefore satisfied the requirements of Rule 23(a)(4). As such, the Court confirms its prior appointment of Cornelia Bardales and Donald Russell as representatives of the class, to appear on behalf of and to represent the class pursuant to Rule 23(a)(4). The Court also finds that Plaintiffs' counsel are qualified to serve as class counsel under Fed. R. Civ. P. 23(g) and, therefore, confirms its prior appointment of O. Randolph Bragg and Karen E. Gesund as class counsel. The Court further finds that the settlement class satisfies the requirements of Rule 23(b)(3), and that proceeding as a class action is the superior and most efficient means of resolving the claims of this case.

After careful consideration, and in light of the conclusions stated above and set forth in the Court's September 30, 2020 Order and Reasons, the settlement class previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3). Excluded from the settlement class are those persons listed in the Declaration of Bailey Hughes, which was submitted with the

instant Motion, who either requested exclusion from the class or did not return a valid claim form by the deadline set by the Court.

## III. THE CLASS ACTION SETTLEMENT

### A. Notice of the Settlement.

Attached to the instant Motion is the Declaration of Bailey Hughes, a Case Manager at First Class, Inc., which was selected as the claims administrator of the class settlement in the Court's September 30, 2020 Order.[22] After completing the necessary rigorous analysis, including careful consideration of Hughes's Declaration, the Court finds that the first-class mail notice to the 836 potential class members, or to their attorneys, if known, of the Official Notice of Settlement, modified in accordance with the Court's September 30, 2020 Order,[23] and the Court's September 30, 2020 Order, containing the terms of the Settlement Agreement: (1) constituted the best practicable notice to class members under the circumstances; (2) provided class members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement, so that a full opportunity has been afforded to class members and all other persons wishing to be heard; (3) was reasonably calculated, under the circumstances, to apprise class members of the proposed class action settlement, their right to exclude themselves

---

[22] R. Doc. 51 at p. 19.
[23] During the Fairness Hearing, counsel for Plaintiffs acknowledged that the Final Official Notice of Settlement failed to include the date that Bardales filed the lawsuit (January 16, 2019). After further questioning by the Court of both counsel, especially counsel for Defendants, who advised that the records provided to the Claims Administrator correctly included only the names of those people who were sent letters within one year prior to the filing of Bardales' lawsuit, and a thorough review of the revised Official Notice of Settlement (R. Doc. 79), the Court is fully satisfied that the Notice was provided to the correct individuals.

from the class and the proposed settlement, their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or class counsel, and/or the award of attorney's fees), their right to appear at the Fairness Hearing, either on their own or through counsel, if they did not exclude themselves from the class; and (4) the binding effect of the Court's September 30, 2020 Order granting preliminary approval of the class and of the proposed settlement, and of the Court's final approval thereof, whether favorable or unfavorable, on all persons who do not timely request exclusion from the class. The Court further finds that the first-class mail notice was calculated to reach a large number of class members, it adequately informed class members of the class action, it properly described their rights, and it clearly conformed to the high standards for modern notice programs.  The notice also afforded sufficient notice and time to class members to receive notice and decide whether to request exclusion or to object to the settlement.  The Court finds that the notice was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

**B. The Class Action Settlement is Fair, Reasonable, and Adequate.**

A class action may not be settled, dismissed, or compromised without the district court's approval.[24] Although all of the parties desire settlement in this case, the Court is not at liberty to merely rubberstamp approval. The Court may approve settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."[25] "The purpose of having the Court conduct an independent inquiry into the fairness of a class action settlement is to 'ensure that the settlement is in the interest of the class, does not unfairly impinge on the rights and interests of dissenters, and does not merely mantle oppression.'"[26] In determining whether a class action settlement is fair, reasonable, and adequate, this Court must consider the following six factors: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.[27]

After consideration of the evidence, arguments, and specifically noting that no objections were filed or voiced during the Fairness Hearing, the Court concludes: (1) there was no fraud or collusion among the parties; (2) the Class Settlement

---

[24] Fed. R. Civ. P. 23(e).
[25] Fed. R. Civ. P. 23(e)(2).
[26] *Henderson v. Eaton,* Civ. A. No. 01-0138, 2002 WL 31415728, at *2 (E.D. La. Oct. 25, 2002) (quoting *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)).
[27] *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (citing *Reed*, 703 F.2d at 172).

Agreement was the result of extensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation; (3) there is a high probability of further extensive and costly litigation, including subsequent appeals; (4) the proceedings are at an advanced stage, as the parties had completed discovery at the time of settlement and this case has been pending for over two-and-a-half years; (5) the probability of the class members' individual success on the merits is uncertain, as there remain issues in dispute regarding liability and damages, which indicates the settlement is fair and reasonable; (6) the potential range of recovery is higher under the Class Settlement Agreement than the statutory damages that could be recovered at trial under the FDCPA if the class was certified for litigation and prevailed on the merits; and (7) Plaintiffs and class counsel have approved the settlement and no objections were filed to the settlement terms.  As such, the Court finds that the Class Settlement Agreement is fair, reasonable, and adequate.  The Court notes that of the 836 notices mailed to potential class members, First Class, Inc. received no objections to the terms of the Class Settlement Agreement.  Further, the Court made a specific inquiry to the Clerk's Office and, during the Fairness Hearing, the Court's Case Manager verified that there were no objections filed in the Clerk's Office regarding the Class Settlement Agreement.

The terms and provisions of the Class Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate, and are in full compliance with all

applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

### C. Class Counsel's Attorney's Fees.

In the instant Motion, Plaintiffs assert that Defendants have agreed to pay class counsel's attorney's fees and costs in an amount determined by the Court, and note that class counsel filed an unopposed motion requesting $36,420.41 in attorney's fees and costs.[28] Plaintiffs also assert that the parties have agreed to an additional award of $2,000.00 to class counsel for preparing the instant Motion and performing "whatever additional duties are necessary to conclude the case."[29] Plaintiffs did not submit any billing records or affidavits from class counsel with the instant Motion to support the request for additional attorney's fees.

On May 3, 2021, the magistrate judge issued a Report and Recommendation, recommending that the Court grant Plaintiffs' Motion for Award of Plaintiffs' Attorneys' Fees and Costs and order Defendants to pay attorney's fees in the amount of $27,067.50 and $2,180.41 in costs.[30] On June 8, 2021, the Court issued an Order and Reasons adopting in part and modifying in part the Report and Recommendation, and granting as modified the Motion for Attorney's Fees.[31] For the reasons set forth in the prior Order, the Court awarded attorney's fees in the amount of $25,542.00 and awarded $2,180.41 in costs.[32] Thus, the instant Motion is denied as moot to the

---

[28] R. Doc. 57 at p. 10 (*citing* R. Docs. 53 & 55).
[29] R. Doc. 57 at p. 10.
[30] R. Doc. 67.
[31] R. Doc. 68.
[32] *Id.*

extent Plaintiffs seek a determination of class counsel's attorney's fees and costs as requested in the prior motion.

During the Fairness Hearing, class counsel advised the Court that the request for an additional $2,000.00 in attorney's fees is supported by the work performed by counsel in preparing the Consent Motion for Final Approval of Class Settlement and Class Certification, consulting with opposing counsel and the Class Administrator, and appearing before the Court and presenting arguments during the Fairness Hearing. Defendants did not object to any of the evidence presented to the Court. After reviewing the evidence and the arguments of counsel, the Court grants Plaintiffs' request for an additional award of $2,000.00 in attorney's fees to class counsel. The Court notes that this award of attorney's fees is separate and apart from the settlement amount to the class. Further, the attorney's fees are to be paid by Defendants.

**D. Release.**

According to the Release provision in the Class Settlement Agreement, class members agreed to release all claims made or which could have been made against Defendants and the released parties, as defined by the Class Settlement Agreement, or which in any way arise out of the allegations that were or could have been made by class members arising out of the Defendants' mailing of the debt collection letters at issue.[33] The Release provision shall be effective as of the date of this Order.

---

[33] R. Doc. 44-2 at p. 6.

IV.  **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Consent Motion for Final Approval of Class Settlement and Class Certification[34] is **GRANTED in part** and **DENIED in part, as moot,** and that the Class Settlement Agreement[35] is hereby **APPROVED**.  To the extent Plaintiffs ask the Court to determine the amount of class counsel's award of attorney's fees and costs, which were the subject of a prior motion and Order,[36] the Motion is **DENIED in part, as moot.**  The Motion is otherwise **GRANTED.**

New Orleans, Louisiana, August 24, 2021.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[34] R. Doc. 57.
[35] R. Doc. 44-2.
[36] R. Docs. 53, 67, & 68.